# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIE F. BLACKMON | ) |
| Plaintiff | ) Case No. |
| vs. | ) |
| THE GEO GROUP, INC. Defendant | ) |

## COMPLAINT

WILLIE F. BLACKMON ("BLACKMON" or "Plaintiff") who by and through the undersigned counsel files this Complaint against THE GEO GROUP, INC. ("GEO" or "Defendant") and alleges as follows:

## PARTIES

1. Plaintiff, Willie F. Blackmon, is a resident of Belle Glade, Florida.

2. Defendant, The Geo Group, Inc. is a Florida corporation with a principal place of business at 4955 Technology Way, Boca Raton, FL, 33431.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under federal law, including Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Family and Medical Leave Act.

4. This Court has supplemental jurisdiction over plaintiff's state law claim pursuant to 28 USCS § 1367.

5. This Court has personal jurisdiction over The Geo Group, Inc. because defendant maintains its principal place of business in Boca Raton, Florida, which is within this judicial district.

6. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), as the unlawful employment practices alleged herein were committed within this judicial district, the employment records relevant to such practices are maintained and administered in this judicial district, and plaintiff would have worked in this judicial district but for the alleged unlawful employment practices.

## CONDITION PRECEDENT

7. Plaintiff has complied with all conditions precedent in this case, or they have been waived.

8. Plaintiff timely filed a Charge of Discrimination against the Defendant with the United States Equal Employment Opportunity Commission ("EEOC").

9. A Notice of Right to Sue letter was issued on May 19, 2025, a copy of which is attached as Exhibit "A" and incorporated herein by reference.

10. This matter is being filed within 90 days of receipt by plaintiff or his attorney of Exhibit A.

## STATEMENT OF FACTS

11. Plaintiff is an African American male born on November 20, 1964, and is currently 60 years old.

12. On January 12, 2018, Plaintiff retired from the Palm Beach County Sheriff's Office as a Correction Sergeant.

13. From September 21, 2020 to October 21, 2020, Plaintiff was employed by Defendant at the South Bay Corrections and Rehabilitation Facility as a Lieutenant.

14. From September 21, 2020 through September 25, 2020, Plaintiff attended a new hire orientation mandatory training which was 40 hours and included human diversity and department of corrections use of force.

15. Defendant failed to enter plaintiff's 40 hours of training into the Florida Department of Law Enforcement Only Profile.

16. The person responsible for entering plaintiff's training into the Florida Department of Law Enforcement Only Profile was Gloria Hayes.

17. Gloria Hayes was terminated by Defendant in October of 2021 as a result of her failure to put over 20 employees' certifications into the Florida Department of Law Enforcement Only Profile, including Plaintiff's.

18. On October 21, 2020, plaintiff voluntarily left the employment of defendant.

19. On October 3, 2022, plaintiff was re-hired by defendant in the position of Lieutenant.

20. At the end of January or the beginning of February 2023, Human Resource Specialist of defendant, Raquel Prince, attempted to fix Plaintiff's certification issue regarding his hours not being posted to the Florida Department of Law Enforcement Only Profile by sending an email to the Florida Department of Law Enforcement.

21. The Florida Department of Law Enforcement responded to Ms. Prince via email that defendant's Training Department needed to enter Plaintiff's hours into the system.

22. Ms. Prince contacted various employees in defendant's Training Department, including but not limited to Brenda Bradford, the Defendant's training manager, but no employee would enter Plaintiff's hours in violation of F.S. 943.135, Florida Department of Law Enforcement Criminal Justice Standard Training Commission Mandatory Retraining for correctional officers and Rule 11B-27.00213 Maintenance officer certification.

23. On April 26, 2023, Plaintiff sent an email to Facility Administrator Loretta Sink regarding a sewer smell that was coming from B-dormitory, in which the Officer in Charge ("OIC") had

to prop the door open to the newly relocated OIC's Barber Shop office, just to get some fresh air.

24. Captain Johnny Wilson and Colonel Leandre McKinnon corresponded via email regarding the sewer odor coming through the vents and the health issues that Captain Wilson was experiencing.

25. On May 1, 2023, Plaintiff sent a follow-up email to Facility Administrator Loretta Sink requesting an update regarding the sewer issue.

26. On May 16, 2023, Defendant demoted Plaintiff from the position of Lieutenant to a TEA (temporary employment authorization) correction officer position with a reduced pay rate of $21.20 per hour.

27. In an email between Florida Department of Law Enforcement government analyst Sandra Dickey and Raquel Prince, Ms. Dickey queried that *"if everything was completed with the 9/21/20 date, he would not be a TEA."*

28. Plaintiff was also moved from his station to the front desk.

29. Plaintiff was also removed from email chains in the company.

30. On May 18, 2023, Mr. Shawn Fagan, a Field Services Specialist of the Florida Department of Law Enforcement, Criminal Justice Professionalism Division, received an email from Defendant's Facility Administrator Loretta Sink in which Ms. Sink stated that the current training manager, Sergeant Brenda Bradford, cannot confirm that Plaintiff received 40 hours of corrections training.

31. On December 16, 2022 Plaintiff was injured on the job.

32. Before Plaintiff went on workers' compensation, Loretta Sink requested Raquel Prince to request workers' compensation to force Plaintiff's request to close or force Plaintiff to get surgery sooner so Ms. Sink could fire Plaintiff, a request which Ms. Prince refused to do.

33. On October 28, 2024, the Plaintiff was terminated by the Defendant.

## Count I - Retaliation in Violation Title VII

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

35. Plaintiff engaged in protected activity under Title VII.

36. Plaintiff reported health and safety concerns regarding a sewer smell in B-dormitory on April 26, 2023, and sent a follow-up email on May 1, 2023, which constitutes protected activity under Title VII as Plaintiff was opposing what he reasonably believed to be unlawful practices.

37. Defendant took adverse employment actions against Plaintiff.

38. On May 16, 2023, just fifteen days after plaintiff's follow-up email about the health and safety concerns, defendant demoted plaintiff from Lieutenant to a temporary correction officer position, reduced his pay to $21.20 per hour, moved him from his station to the front desk, and removed him from company email chains.

39. If Plaintiff had not reported the health and safety concerns, the Defendant would not have demoted him 15 days later.

40. If Plaintiff had not reported the health and safety concerns, the Defendant would not have treated the Plaintiff different from other employees who report health and safety concerns.

41. There was a causal connection between Plaintiff's protected activity and the adverse employment actions.

42. The close temporal proximity between plaintiff's protected activity (April 26 and May 1, 2023) and the adverse employment actions (May 16, 2023) strongly suggests a causal connection.

43. The actions of Defendant constitute an intentional violation of Title VII, and as a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, Plaintiff has suffered injuries and losses including a violation of his statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

44. Plaintiff has retained the services of the undersigned attorneys to represent him in this action and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff prays for a judgment from this Honorable Court consisting of an award of all damages available by law in favor of Plaintiff against Defendant including but not limited to:

a. An entry of a judgment for restitution, compensatory and punitive damages including, but not limited to, damages for mental pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life, back pay, front pay and interest;

b. Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees as provided by Title VII; and

c. Any other equitable relief deemed appropriate by this Court.

### Count II - Race Discrimination in Violation Title VII

44. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

45. Plaintiff is a member of a protected class.

46. Plaintiff is African American and thus belongs to a protected class under Title VII.

47. Plaintiff was qualified for his position.

48. Plaintiff had previously worked as a Correction Sergeant with the Palm Beach County Sheriff's Office until his retirement in 2018, and had completed the required 40 hours of training when initially hired by defendant in 2020, making him qualified for the Lieutenant position.

49. Plaintiff suffered adverse employment actions.

50. On May 16, 2023, defendant demoted plaintiff from Lieutenant to a temporary correction officer position, reduced his pay to $21.20 per hour, moved him from his station to the front desk, and removed him from company email chains.

51. On October 28, 2024, the Defendant terminated the Plaintiff.

52. Plaintiff was treated differently from similarly situated employees outside his protected class.

53. Plaintiff has been treated differently from similarly situated employees who are not African American.

54. Defendant discriminated against Plaintiff on the basis of his race, black, by subjecting him to different terms and conditions of employment and terminating his employment for pretextual reasons.

55. The actions of Defendant constitute an intentional violation of Title VII, and as a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, Plaintiff

has suffered injuries and losses including a violation of his statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

56. Plaintiff has retained the services of the undersigned attorneys to represent him in this action and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff prays for a judgment from this Honorable Court consisting of an award of all damages available by law in favor of Plaintiff against Defendant including but not limited to:

   a. An entry of a judgment for restitution, compensatory and punitive damages including, but not limited to, damages for mental pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life, back pay, front pay and interest;

   b. Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees as provided by Title VII; and

   c. Any other equitable relief deemed appropriate by this Court.

### Count III – ADEA – NON-WILFUL

57. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

58. This is an action under the Age Discrimination in Employment Act of 1967, as amended (hereafter the ADEA or "the Act"), 29 U.S.C. §§621, et seq. to correct unlawful employment practices on the basis of age and to make Plaintiff whole.

59. At all times material hereto, Plaintiff was 40 years of age or older.

60. Plaintiff was born on November 20, 1964, and was 59 years old at the time of the discriminatory actions, which is well over the 40-year threshold for protection under the ADEA.

61. Plaintiff was qualified for his position.

62. Plaintiff had previously worked as a Correction Sergeant with the Palm Beach County Sheriff's Office until his retirement in 2018, and had completed the required 40 hours of training when initially hired by defendant in 2020, making him qualified for the Lieutenant position.

63. Plaintiff suffered adverse employment actions.

64. On May 16, 2023, defendant demoted plaintiff from Lieutenant to a temporary correction officer position, reduced his pay to $21.20 per hour, moved him from his station to the front desk, and removed him from company email chains.

65. On October 28, 2024, the Defendant terminated the Plaintiff.

66. Plaintiff was treated less favorably than substantially younger employees.

67. All of the injuries and damages suffered by Plaintiff are the direct and proximate cause of Defendant's unlawful conduct, in general, and in the following particulars:

    a. Taking adverse action against Plaintiff based solely on his age;

    b. Violating the ADEA;

    c. Violating Plaintiff's right to be free from discrimination under the ADEA;

    d. Implementing employment practices that violate United States law and policy;

    e. Discriminating against older employees, in favor of younger employees; and

    f. Treating younger employees different than Plaintiff.

68. Plaintiff has been treated differently from similarly situated employees who are substantially younger than plaintiff.

69. Defendant engaged in the acts of age discrimination.

70. Defendant discriminated against Plaintiff because of his age and treated him differently than other similarly situated employees by and through its unjustified demotion of the Plaintiff and Defendant's termination of the Plaintiff.

71. As a direct and proximate cause thereof, Plaintiff was caused to and did suffer lost wages and fringe benefits.

WHEREFORE, Plaintiff prays for a judgment from this Honorable Court consisting of an award of all damages available by law in favor of Plaintiff against Defendant including but not limited to:

a. an order enjoining Defendant from engaging in further acts of discrimination against the Plaintiff pursuant to 28 U.S.C. §§2001, 2002, Fed.R.Civ.P.19 and 29 U.S.C. §626(b);

b. an order making the Plaintiff whole by awarding him front pay in an amount deemed appropriate by this Court;

c. an order awarding Plaintiff back pay (including fringe benefits) from the date of the discriminatory acts alleged through the date of trial;

d. an order awarding Plaintiff prejudgment and post-judgment interest in an amount and at a rate to be determined at the time of trial pursuant to 28 U.S.C. §1961;

e. an order awarding Plaintiff all attorneys' fees, expert witness fees and costs of this action pursuant to 29 U.S.C. §1920, Fed.R.Civ.P. 54(d), 29 U.S.C. §626(b) and 42 U.S.C. §1988 as applicable to the ADEA; and

f. an order awarding Plaintiff such other and further relief as this Court deems just and proper.

### Count IV – ADEA – NON-WILFUL

72. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 and 58 through 71 as if fully set forth herein.

73. Defendant engaged in the acts of age discrimination.

74. Defendant discriminated against Plaintiff because of his age and treated him differently than other similarly situated employees by and through its unjustified demotion of the Plaintiff and Defendant's termination of the Plaintiff.

75. The acts complained of by Plaintiff against Defendant were engaged in by Defendant with knowledge of the ADEA and in reckless disregard of the same.

76. Defendant's violations of the law were knowing and willful.

77. As a direct and proximate cause thereof, Plaintiff was caused to and did suffer lost wages and fringe benefits and was terminated from any and all gainful employment by Defendant.

WHEREFORE, Plaintiff prays for a judgment from this Honorable Court consisting of an award of all damages available by law in favor of Plaintiff against Defendant including but not limited to:

   a. an order enjoining Defendant from engaging in further acts of discrimination against the Plaintiff pursuant to 28 U.S.C. §§2001, 2002, Fed.R.Civ.P.19 and 29 U.S.C. §626(b);

   b. an order making the Plaintiff whole by awarding him liquidated damages as appropriate under the ADEA, 29 U.S.C. §626(b);

   c. an order making the Plaintiff whole by awarding him front pay in an amount deemed appropriate by this Court;

   d. an order awarding Plaintiff back pay (including fringe benefits) from the date of the discriminatory acts alleged through the date of trial;

 e. an order awarding Plaintiff prejudgment and post-judgment interest in an amount and at a rate to be determined at the time of trial pursuant to 28 U.S.C. §1961;

 f. an order awarding Plaintiff all attorneys' fees, expert witness fees and costs of this action pursuant to 29 U.S.C. §1920, Fed.R.Civ.P. 54(d), 29 U.S.C. §626(b) and 42 U.S.C. §1988 as applicable to the ADEA; and

 g. an order awarding Plaintiff such other and further relief as this Court deems just and proper.

### Count V - Violation of Florida's Whistleblower Act, Florida Statute 448.102

78. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

79. Plaintiff is a person who performed services for and under the control and direction of Defendant Employer for wages or other remuneration.

80. Defendant is a private individual corporation that employs ten or more persons.

81. Plaintiff engaged in protected activity under Florida's Whistleblower Act.

82. Plaintiff reported health and safety concerns regarding a sewer smell in B-dormitory on April 26, 2023, and sent a follow-up email on May 1, 2023, which constitutes protected activity under Florida's Whistleblower Act as plaintiff was reporting a condition that created a substantial and specific danger to employees' health, safety, or welfare.

83. Plaintiff threatened to disclose to a governmental agency the health and safety concerns regarding the sewer smell if the Defendant did not remedy the problem.

84. Defendant Employer committed a retaliatory personnel action against Plaintiff Employee because in retaliation for, and as a direct result of, the conduct described in preceding two paragraphs above, Defendant Employer demoted Plaintiff Employee.

85. Defendant took adverse employment actions against plaintiff.

86. On May 16, 2023, just fifteen days after plaintiff's follow-up email about the health and safety concerns, defendant demoted plaintiff from Lieutenant to a temporary correction officer position, reduced his pay to $21.20 per hour, moved him from his station to the front desk, and removed him from company email chains.

87. There was a causal connection between plaintiff's protected activity and the adverse employment actions.

88. The close temporal proximity between plaintiff's protected activity (April 26 and May 1, 2023) and the adverse employment actions (May 16, 2023) strongly suggests a causal connection.

89. Defendant Employer's conduct caused Plaintiff to suffer damages.

WHEREFORE, Plaintiff demands damages against Defendant for violation of Florida's Private Sector Whistle-Blower's Act (Section 448.102, Fla. Stat.), including but not limited to all relief available under Section 448.103, Fla. Stat., such as (a) an injunction restraining continued violation of this act, (b) reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position, (c) reinstatement of full fringe benefits and seniority rights, (d) compensation for lost wages, benefits, and other remuneration, (e) any other compensatory damages allowable at law, and (e) attorney's fees, court costs and expenses, and (f) such other relief this Court deems just and proper.

### Count VI – Interference under the Family and Medical Leave Act

90. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

91. This is an action under the Family Medical Leave Act. 29 U.S.C. 2611 et seq. ("FMLA)

92. Plaintiff was eligible for FMLA protection.

93. Plaintiff had been employed by defendant for more than 12 months in total (from September 21, 2020 to October 21, 2020, and then from October 3, 2022 onward to October 28, 2024

94. ) and had worked more than 1,250 hours during the 12-month period prior to needing leave.

95. Defendant is a covered employer under the FMLA.

96. Defendant employs more than 50 employees within a 75-mile radius of plaintiff's worksite.

97. Plaintiff was entitled to FMLA leave.

98. Plaintiff suffered a qualified serious health under the FMLA, entitling him to medical leave.

99. On October 22, 2024, the Defendant approved the Plaintiff's request for FMLA leave.

100. Instead of permitting the Plaintiff to use his FMLA leave, the Defendant terminated him six days later on October 28, 2024 which resulted in the interference, restraint and denial of Plaintiff's FMLA rights in violation of 29 U.S.C. 2615.

101. As a result of the foregoing the Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for a judgment from this Honorable Court consisting of an award of all damages available by law in favor of Plaintiff against Defendant including but not limited to:

a. Compensatory damages against defendant in an amount to be determined at trial for lost wages, benefits, and other economic losses resulting from defendant's unlawful actions;

b. Reinstatement to the position of Lieutenant, or in the alternative, front pay in lieu of reinstatement;

c. Liquidated damages against defendant pursuant to 29 USCS § 2617 for willful violations of the FMLA;

    d. Compensatory damages against defendant for emotional distress, pain and suffering, humiliation, and other non-economic damages caused by defendant's discriminatory and retaliatory actions;

    e. Punitive damages against defendant in an amount to be determined at trial for defendant's malicious and reckless disregard of plaintiff's federally protected rights;

    f. Pre-judgment and post-judgment interest on all amounts awarded;

    g. Reasonable attorney's fees and costs incurred in this action pursuant to 29 USCS § 2617 and other applicable statutes; and

    h. Such other relief as the Court deems just and proper.

## Count VII – Retaliation under the Family and Medical Leave Act

101. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 and 91 through 101 as if fully set forth herein.

102. Plaintiff engaged in a protective activity under the FMLA and requested leave to a serious medical condition.

103. On October 22, 2024, Defendant approved Plaintiff's FMLA request.

104. Six days later, on October 28, 2028, Defendant terminated the Plaintiff.

105. Defendant terminated the Plaintiff because he requested FMLA leave.

106. Defendant had no intention of permitting the Plaintiff to exercise his rights under the FMLA and Defendant discharged the Plaintiff so he could not exercise his FMLA rights.

107. The Defendant's termination of the Plaintiff was motivated by a retaliatory or discriminatory animus as evidenced by the Defendant's prior treatment of the Plaintiff.

108. For example, the Facility Administrator Loretta Sink attempted to interfere with Plaintiff's workers' compensation claim by requesting that HR pressure workers' compensation to force

    Plaintiff's request to close or force Plaintiff to get surgery sooner so Ms. Sink could fire Plaintiff. Ms. Sink also noted that Mr. Blackmon may become problematic due to his constant complaints and may take this as an attempt to get rid of him. On February 7, 2023, Raquel Prince sent an email to her supervisor Tracey Samuels regarding this matter.

109. Furthermore, there was a causal connection between Plaintiff's protected activity and the adverse employment action.

110. The close temporal proximity between plaintiff's protected activity (October 22, 2024) and the adverse employment actions (October 28, 2024) strongly suggests a causal connection.

WHEREFORE, Plaintiff prays for a judgment from this Honorable Court consisting of an award of all damages available by law in favor of Plaintiff against Defendant including but not limited to:

    a. Compensatory damages against defendant in an amount to be determined at trial for lost wages, benefits, and other economic losses resulting from defendant's unlawful actions;

    b. Reinstatement to the position of Lieutenant, or in the alternative, front pay in lieu of reinstatement;

    c. Liquidated damages against defendant pursuant to 29 USCS § 2617 for willful violations of the FMLA;

    d. Compensatory damages against defendant for emotional distress, pain and suffering, humiliation, and other non-economic damages caused by defendant's discriminatory and retaliatory actions;

    e. Punitive damages against defendant in an amount to be determined at trial for defendant's malicious and reckless disregard of plaintiff's federally protected rights;

    f. Pre-judgment and post-judgment interest on all amounts awarded;

g. Reasonable attorney's fees and costs incurred in this action pursuant to 29 USCS § 2617 and other applicable statutes; and

h. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 4th day of August, 2025.                Respectfully submitted,

/s/ *Neil Bryan Tygar*
Neil Bryan Tygar, Esq.
Neil Bryan Tygar, P.A.
Attorney for Plaintiff
Bar No. 0911100
5341 W. Atlantic Ave, #303
Delray Beach, FL 33484
Telephone:    (561) 455-0280
Facsimile:    (561) 455-0281
Email:        ntygar@me.com